Bruce Edward Committe
becommittte@hotmail.com (Now working)
12936 Clifton blvd #3
Lakewood, OH 44107
PH 850 206 3756 (Not now working)
No fax
Plaintiff, Pro Se

FILED 21 FEB '18 16:34USDC-ORP

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### Portland Division

Bruce Edward Committe,

Plaintiff,

vs

Oregon State University,

Mitzi M. Montoya,

Jacob (aka Jake) Rose,

Edward J. Ray,

6'18 CV 0328 AA

COMPLAINT FOR EMPLOYMENT
AGE DISCRIMINATION, RETALIATION,
DENIAL OF EQUAL PROTECTION,
AND DENIAL OF FREE SPEECH
AND ACADEMIC FREEDOM

Kim Kirkland,

Clay Simmons,

Edward Feser,

and

John and Jane Does,

     Defendants.

_____/

Now comes Bruce Committe, Plaintiff Pro Se, and states the following:

<u>Preliminary Matters</u>

1. This complaint alleges the failure to hire the Plaintiff for a faculty position in accounting at the College of Business at Oregon State University which position was to start approx. August 2018.

2. Oregon State University is located in the State of Oregon.

3. Bruce Committe resides and is located in the State of Ohio.

4. This court has jurisdiction for either one of the following reasons: (1) some  claims are based on violation of U.S. law and (d) the

amount in controversy is over $100,000 and parties are located in different states.

5.  The amount in controversy is greater than $100,000.

6.  This court has jurisdiction because it states claims of violation of the U.S. Constitution by state actors and state law claims are intertwined and supplemental to the U.S. law claims.

7.  At all times relevant to the complaint defendants acted under color of state law as well as within the course and scope of their Oregon State University employments.

8.  At all times relevant to the complaint the defendants knew or should have known that their actions alleged in the complaint were a violation of the laws stated in this complaint.

9.  Plaintiff's date of birth is October 1952.

10. The person hired instead of Plaintiff Bruce Committe is Logan B. Steele.

11. Logan B. Steele is approximately 30 years younger than the Plaintiff.

12. The John and Jane Doe defendants are persons who were members of the faculty position search committee of which defendant Jacob Rose was the chair.

13. Defendants' wrongful conduct described in this complaint were intentional, wanton, wilful, or were in deliberate or callous or reckless indifference of Plaintiff's right to be free of the wrongdoings alleged.

14. The injuries to Plaintiff caused by the wrongdoing in all of the counts below are intertwined and logically not separable among the parties.

14.1. Oregon State University will indemnify the defendant employees who suffer a money judgment—compensatory or punitive-- against them in this case.

15. Jacob Rose, at all times relevant to this complaint, was the faculty search committee chair in this case; his location is Oregon State University, Austin Hall 458, 2751 SW Jefferson Way, Corvallis, OR 97331.

16. Mitzi M. Montoya, at all times relevant to this complaint. was

Page -4-

the Dean of the College of Business at Oregon State University, and she

was the hiring manager in this case. Her location is Oregon State

University, Austin Hall 443, 2751 SW Jefferson Way, Corvallis, OR

97331, .

17. Edward J. Ray was, at all times relevant to this complaint, the

President of Oregon State University whose location is Oregon State

University, Kerr Administration Building, Suite 600, Corvalis, OR 97331.

18 Clay Simmons, at all times relevant to this complaint, was the

chief compliance officer of Oregon State University whose location is

Oregon State University, Kerr Administration Building Suite B211 1500

SW Jefferson Avenue Corvallis, OR 97331.

19. Kim Kirkland, at all times relevant to this complaint, was the

executive director of Affirmative Action and was responsible for

overseeing compliance with federal, state and university policies and

regulations regarding affirmative action, equal opportunity, disability

access and other civil rights. Her location is Snell Hall 330, 2150 SW

Jefferson Way, Corvallis, OR 97331

Page -5-

20.  Edward Feser was Provost and Executive Vice President for Academic Affairs whose location is Oregon State University,  Kerr Administration Building Room 624, 1500 SW Jefferson Avenue Corvallis, OR 97331.

COUNT ONE–AGE DISCRIMINATION (STATE LAW)

This count sues defendants Oregon State University, Jacob (a/k/a Jake) Rose, Mitzi M. Montoya, Clay Simmons, Edward Feser, and John and Jane Does which Does were members of the search committee for the faculty position which is the subject of this case.

21.  This count incorporates pars. 1 to 20 above as if stated here.

22.  The hiring of Logan B. Steele instead of Plaintiff Bruce Committe violated Plaintiff's right not to be discriminated against on the basis of his age.

23.  In light of the stated qualifications for the job, Plaintiff was more qualified for the job than Logan B. Steele.

24.  In the alternative, Plaintiff was at least equally qualified for the job as Steele.

25. The discrimination against Plaintiff on the basis of his age violated Oregon state laws prohibiting discrimination on the basis of age, ORS 659A et seq. (690A.030(a))

26. The age discrimination also was against written policies of Oregon State University.

27. Oregon Revised Statute 659A et seq entitles Plaintiff to attorneys fees and costs, if any.

28. Oregon Revised Statutes 659A et seq entitles Plaintiff to back pay, compensatory damages,  punitive damages, attorneys fees and court costs; all of which amounts together total much more than $100,000.

29. Oregon Revised Statutes 659A et seq entitles Plaintiff to equitable relief including, but not limit to, an order from the court that Plaintiff be hired to academic accounting faculty position at Oregon State University as well as to a declaration by the court that Oregon State University discriminated against him on the basis of age in failing to hire him.

30.   Defendant Jacob Rose, as chair of the search committee,

intentionally and wilfully discriminated against Plaintiff of the basis of age when he recommended that Plaintiff not be hired or further considered for the subject faculty position.

31. John and Jane Does, who were other members of the search committee, wilfully and intentionally discriminated against Plaintiff on the basis of age when they each recommended that Plaintiff not be hired or further considered for the subject position.

32. Defendant Mitzi M. Montoya intentionally and wilfully discriminated against Plaintiff on the basis of his age when she decided to hire Steele instead of Plaintiff, or, in the alternative she failed to hire the Plaintiff in reckless disregard of his right not to be discriminated against on the basis of his age.

33. Clay Simmons had a duty to see to it that the search committe and Dean and hiring Manager Mitzi M. Montoya did not discriminate against the Plaintiff, on the basis of his age, when deciding who to hire for the subject faculty position.

34. Clay Simmons's was deliberately or recklessly or callously

indifferent as to whether Mitzi M. Montoya discriminated against Plaintiff on the basis of his age.

35. Clay Simmons's indifference as stated in par. 34 was an inseparable part of the cause of Montoya discriminating against the Plaintiff on the basis of his age.

36. Edward Feser, as the chief academic officer of Oregon State University, was responsible for the quality of faculty on the Oregon State University campus, and this responsibility included the quality of decision making leading to the hire of new faculty members.

37. Edward Feser was deliberately or recklessly or callously indifferent as to whether Mitzi M. Montoya discriminated against Plaintiff on the basis of his age.

38. Edward Feser's indifference stated in par. 37 was an inseparable part of the cause of Montoya's and thus the University of Oregon discriminating against the Plaintiff on the basis of his age.

39. As a result of the above, Plaintiff suffered humiliation, loss of ability to enjoy life, loss in the quality of family relationships, lost pay and

benefits, and may incur attorneys fees and costs in bringing this case.

40.  In light of the wrongdoing described in this count, Plaintiff

could not in the future receive a fair evaluation if hired for purposes of

determining pay, rank, and tenure decisions.

WHEREFORE, Plaintiff demands judgment against the defendants

Oregon State University, Jacob Rose, John and Jane Does, Mitzi M.

Montoya, Clay Simmons, Kim Kirkland, and Edward Feser and in favor

of the Plaintiff for back pay and front pay, the cash equivalent for back

and front employment benefits, punitive damages, attorneys' fees, court

costs,  appointment of Plaintiff to full professor of accounting with tenure,

and that the judgment be joint and several.   Plaintiff also demands a

declaration from this court that Oregon State University,

and its employees Ray, Simmons, Clay, Montoya, Rose, and John and

Jane Does discriminated against him on the basis of Plaintiff's age.

## COUNT TWO–RETALIATION (STATE LAW)

This count sues defendants Oregon State University, Jacob (a/k/a

Jake) Rose, Mitzi M. Montoya, Edward J. Ray, Clay Simmons, Edward

Feser, and John and Jane Does search committee members.

41. This count incorporates pars. 1 to 20 above as if stated here.

42. Oregon State's University's failure to hire Bruce Committe, if not based solely on age discrimination, was in part or solely based on retaliation against him by the persons this count is suing because he previously filed a complaint for failure to hire Plaintiff in a previous year based on an underlying allegation of age discrimination.

43. The retaliation was a violation of Oregon Revised Statutes 659A et seq ( 659.030(f)) and Oregon State University policy.

44. As a result of the above, Plaintiff suffered humiliation, loss of ability to enjoy life, loss in the quality of family relationships, lost pay and benefits.

45. Ohio Revised Statutes entitle Plaintiff to compensatory damages, back pay, future pay, punitive damages, attorney fees, and court costs as well as to the equitable relief appointing Plaintiff to a faculty position.

46. Plaintiff seeks appointment to a tenured full professor position

based on his relevant qualifications and experiences as well as on the

inability of Defendants to fairly judge Plaintiff's academic performance

due to Defendants' wrongdoings in this case.

47. Defendants Montoya, Rose, John and Jane Does committed the

retaliation which was wilful and intentional on the part of these

defendants.

48. Defendant's Edward J. Ray, Clay Simmons, Kim Kirkland, and

Edward Feser had a duty to see to it that Plaintiff, in a subsequent

application for employment as a faculty member at Oregon State

University, was not discriminated against because of Plaintiff's previous

non-hire by Oregon State University.

49. The retaliation occurred in part because of the reckless and

callous indifference of Edward J. Ray, Clay Simmons, Kim Kirkland, and

Edward Feser as to whether the other Defendants in this case were

adequately trained and educated, which they were not, to not retaliate

against Plaintiff in a hire decision regarding Plaintiff's application for

employment subsequent to Plaintiff's previous non-hire, age

discrimination based complaint filed and processed in U.S. District Court.

WHEREFORE, Plaintiff demands judgment against the defendants and in favor of the Plaintiff for back pay and front pay, the cash equivalent for back and front employment benefits, punitive damages, appointment of Plaintiff to full professor of accounting with tenure, attorneys fees, court costs, pre judgment interest, and that the judgment be joint and several. Plaintiff also demands a declaratory judgment stating that Oregon State University, Ray, Simmons, Kim Kirkland, and Feser retaliated against him for previously bringing an age discrimination and denial of equal protection case against the University.

### COUNT THREE–DENIAL OF ACADEMIC FREEDOM

This count sues defendants Oregon State University, Mitzi M. Montoya, Jake Rose, and John and Jane Does, Edward J Ray, Clay Simmons, Kim Kirkland, and Edward Feser.

50. This count incorporates pars. 1 to 20 above as if stated here.

51. In the decision not to hire Plaintiff and to hire Steele instead for an accounting faculty position which job starts August 2018, which non-

hire and hire did occur, Jake Rose, Mitzi M. Montoya, and John and Jane

Does willfully and intentionally denied Plaintiff his fundamental right to

free speech and academic freedom otherwise protected by the due process

clause of the 14th Amendment to the U.S. Constitution, Article I Section 8

of the State of Oregon Constitution, and Oregon State University's

academic freedom policy (found in the faculty handbook).

52.  The denial was willful, intentional, and wanton by Jacob Rose,

John and Jane Does members of the faculty search committee in this case,

and Mitzi M. Montoya.

53.  Contributing causes to the above described denial of Plaintiff's

right to academic freedom was Edward J. Ray's, Clay Simmons', Kim

Kirkland's, and Edward Feser's deliberate or reckless indifference as to

whether Plaintiff's right to free speech and academic freedom were denied

by Rose, John and Jane Does, and Mitzi M. Montoya.

54.  Defendants Ray, Simmons, Kim Kirkland, and Feser had a duty

to see to it that Plaintiff was not denied his free speech and academic

freedom rights.

55.  As a result of the denial of equal protection, Plaintiff suffered

humiliation, loss of ability to enjoy life, loss in the quality of family

relationships, lost pay and related benefits.

56.  The failure to protect Plaintiff's 14th Amendment Due Process

of Law protected right to free speech and academic freedom, Oregon

Constitution protected right to free speech and academic freedom, and

Oregon State University policy otherwise guarantee of academic freedom

are actionable pursuant to 42 USC 1983 and pursuant to Oregona state

law.

57.  Plaintiff is entitled to attorneys fees and costs, if any, pursuant

to 42 USC 1988.

WHEREFORE, Plaintiff demands judgment against Mitzi M.

Montoya, Jake Rose, John and Jane Does and in favor of the Plaintiff,

general damages, lost income and the cash equivalent of lost employment

benefits, punitive damages, attorneys fees, court costs, appointment to full

professor of accounting with tenure, and that the judgment be joint and

several.  Plaintiff also demands a declaratory judgment stating that

Oregon State University and its employees Ray, Simmons, Kim Kirkland,
Feser, Montoya, Rose, and John and Jane Does denied Plaintiff academic
freedom.

### COUNT FOUR–FAILURE TO TRAIN AND EDUCATE

This count sues defendants Oregon State University, Edward J Ray,
Clay Simmons, Kim Kirkland, Edward Feser, and Mitzi M. Montoya.

58.  This count incorporates pars. 1 to 20 above as if stated here.

59.  Jake Rose's and John and Jane Does faculty search committee
members' immediate supervisor was Mitzi M. Montoya.

60.  Montoya's failure adequately to train and educate Jacob Rose
and John and Jane Does in the matter of the civil rights of faculty
applicants, including the Plaintiff applicant, was in callous or reckless
disregard of Plaintiff's rights to free speech, academic freedom, right to be
free of age discrimination, and right to equal protection of the laws.

61.  Montoya's above described failure was in part the cause of the
named defendants in this case denying Plaintiff his 14th Amendment,
Oregon State Constitution, and Oregon State University otherwise

protected rights to free speech and academic freedom and equal protection of laws.

62. Edward J. Ray, Clay Simmons, Kim Kirkland, and Edward Feser had a duty to see to it that Montoya, and others at the university including themselves, adequately trained and educated themselves and Jacob and John and Jane Does, or in some other way to see to it that these named defendants were adequately trained and educated, so that defendants in this case did not deny faculty position applicants' civil rights, including the Plaintiff's right to free speech, academic freedom, and equal protection of the law protected by the 14th Amendment to the U.S. Constitution, Oregon State Constitution, and Oregon State University policy.

63. Defendants Ray, Simmons, Kirkland, and Feser recklessly and callously failed to do see that Montoya, Rose and the John and Jane Does were adequately trained.

64. Montoya's, Ray's, Simmons', Kirkland's, and Feser's failure to train and educate Defendants Rose and John and Jane Does members of

Page -17-

the faculty search committee was part of the cause of denying Plaintiff's

rights to be free of age discrimination, to equal protection of the laws, and

to free speech and academic freedom, and thereby in part caused Plaintiff

not to be hired.

65.  Defendants Ray, Simmons, Kirkland's, Feser's and Montoya's

failure to train and educate as described above in part caused Plaintiff's

loss of income and employment benefits, loss of appointment to a job

which Plaintiff would have enjoyed, loss of ability to enjoy life, injury to

Plaintiff's family relationships, attorney fees and costs if any.

WHEREFORE, Plaintiff demands judgment against Mitzi M.

Montoya, Jake Rose, John and Jane Does, Edward J. Ray, Clay Simmons,

Kim Kirkland, and Edward Feser and in favor of the Plaintiff, general

damages, lost income and the cash equivalent of lost employment

benefits, punitive damages, attorneys fees, court costs, appointment to full

professor of accounting with tenure, prejudgment interest, and that the

judgment be joint and several.   Plaintiff also demands a declaratory

judgment stating that Oregon State University, Ray, Simmons, Feser, and

Montoya failed to adequately train and educate its employees thereby causing a violation of Plaintiff's rights to free speech and academic freedom otherwise protected by the U.S. Constitution, State of Oregon Constitution, and Oregon State University written policies.

## COUNT FIVE–DENIAL OF EQUAL PROTECTION

This count sues Edward J. Ray, Clay Simmons, Edward Feser, Jacob Rose, John and Jane Does, and Mitzi M. Montoya.

66. This count incorporates pars. 1 to 20 above as if stated here.

66. Not hiring Plaintiff because of (1) the willful intention of defendants Rose, John and Jane Does (members of the search committee in this case), and Mitzi M. Montoya all to discriminate against Plaintiff on the basis of his age and their willful intention to deny Plaintiff his right to free speech and academic freedom as well as (2) Edward J. Ray's, Clay Simmons', Kim Kirkland's, and Edward Feser's deliberate, callous, or reckless indifference as to the training and education of Mitzi M. Montoya, Rose, John and Jane Does denied Plaintiff's 14th Amendment protected right to equal protection of the laws.

67. Because of the denial of equal protection Plaintiff suffers loss of income and employment benefits, humiliation, loss of ability to enjoy life, injury to family relationships, and incurred attorneys fees and costs if any.

68. 42 USC 1983 entitles Plaintiff to bring this action.

69  42 USC 1988 entitles Plaintiff to attorneys fees and costs if any.

WHEREFORE, Plaintiff demands judgment against Mitzi M. Montoya, Jake Rose, John and Jane Does, Edward J. Ray, Clay Simmons, Kim Kirkland, and Edward Feser and in favor of the Plaintiff, general damages, lost income and the cash equivalent of lost employment benefits, punitive damages, attorneys fees, court costs, appointment to full professor of accounting with tenure, pre judgement interest, and that the judgment be joint and several.  Plaintiff also demands a declaratory statement from the court stating that Oregon State University, Montoya, Rose, John and Jane Does, Ray, Simmons, Kirkland, and Feser denied Plaintiff equal protection of the laws.

Respectfully submitted by


Bruce Committe, Plaintiff Pro Se
12936 Clifton Blvd #3
Lakewood, OH 44107
Ph 850 206 3756
Becommitte@hotmail.com