IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

BRUCE EDWARD COMMITTE,

    Plaintiff,

v.

OREGON STATE UNVERSITY, et al.,

    Defendants,

Case No. 6:18-cv-00328-AA
**OPINION AND ORDER**

AIKEN, District Judge:

    Plaintiff Bruce Committe filed suit against Oregon State University ("OSU") and several OSU employees after they failed to hire him for a faculty position at the University. Plaintiff alleges claims for age discrimination, retaliation, denial of academic freedom, and violations of his free speech and equal protection rights against all defendants. Several motions are pending before the Court, including plaintiff's Application to Proceed with his lawsuit *in forma pauperis* ("IFP") (doc. 2), and defendants' Motion to Dismiss (doc. 10). For the reasons set forth herein, plaintiff's Application to Proceed IFP (doc. 2) is GRANTED. Defendants' Motion to Dismiss (doc. 10) is also GRANTED.

/ / /

/ / /

## BACKGROUND

Plaintiff alleges that OSU and its employees Mitzi M. Montoya, Jacob Rose, Edward J. Ray, Kim Kirkland, Clay Simmons, Edward Feser, and unnamed Doe defendants (collectively "Defendants") violated his rights when they chose not to hire him for an advertised faculty position. Plaintiff avers that he applied for, but was not offered, a faculty position in OSU's College of Business. Plaintiff alleges that OSU hired an individual several decades younger than the plaintiff and that this decision violated plaintiff's rights.

Plaintiff has twice unsuccessfully applied to work at OSU previously. In both instances, plaintiff brought similar lawsuits against OSU alleging age discrimination when he was not hired. *Committe v. Or. State Univ.*, 2015 WL 2170122 (D.Or. 2015) [hereinafter *Committee I*] (granting defendants' motion for summary judgment), *aff'd*, 683 F.App'x 607 (9th Cir. 2017); *Committe v. Or. State Univ.*, 2016 WL 4374945 (D.Or. 2016) [hereinafter *Committe II*] (granting defendants' motion to dismiss for failure to state a claim).

In *Committe I*, plaintiff filed age discrimination claims against OSU and several employees when he applied for, but did not receive, an advertised faculty position. 2015 WL 2170122 at *11. The court found that OSU had non-discriminatory, non-pretextual reasons for not hiring the plaintiff, granted the defendant's motion for summary judgment, and dismissed the complaint with prejudice. *Id.* The Ninth Circuit affirmed. *Committee I*, 683 F.App'x at 607.

In *Committe II*, plaintiff again brought age discrimination claims against OSU along with retaliation and violation of equal protection claims after OSU decided not to hire the plaintiff for another position for which he had applied. *Committe II*, 2016 WL 4374945 at *1. Again, the court dismissed the complaint but granted leave to amend. *Id.* at *3. Plaintiff failed to amend and it was dismissed with prejudice. *Id.* Plaintiff currently alleges that OSU's most recent

decision not to hire him was, in part, retaliation for his previous lawsuits.

In the present case, plaintiff alleges claims for (1) state law age discrimination, (2) state law retaliation, (3) denial of "academic freedom" (4) failure to train and educate, and (5) denial of equal protection.

## STANDARD OF REVIEW

All parties who commence an action in federal district court must pay a filing fee. 28 U.S.C. § 1914(a). However, to facilitate equal access to the court system, 28 U.S.C. § 1915 allows indigent plaintiffs to apply for a fee waiver. Before granting a plaintiff leave to proceed IFP, without paying fees, the court must determine that the litigant is actually unable to pay. 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000).

Even if the court finds that the litigant is unable to pay, it is under an obligation to dismiss if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages from a party who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Lopez*, 203 F.3d at 1126; *Bobo v. Plymouth Housing Group*, 2014 WL 6085858, *1 (D. Or. 2014).

When making this determination, the court applies the same standard as when it evaluates a Federal Rule of Civil Procedure 12(b)(6) motion. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."); *Bobo*, 2014 WL 6085858 at *2; *Hutchinson v. State*, 2017 WL 5505572, *2 (D. Or. 2017). Under this standard, when viewed in the light most favorable to the plaintiff, a complaint must contain sufficient facts to "'state[] a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The complaint must allege "more than a sheer possibility that that a defendant has acted unlawfully" (*Id.* at 678) and present more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Bell Atlantic Corp.*, 550 U.S. at 555. The court need not accept legal assertions as true, and while "[t]he court views the complaint liberally [it] will not supplant vague and conclusory allegations." *Committe II*, 2016 WL 4374945 at *2. If the court determines that the IFP complaint fails to state a claim upon which relief can be granted, it is required to dismiss. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

*Pro se* litigants are held to a less stringent standard than attorneys, and courts construe their pleadings liberally and give them the benefit of the doubt. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hutchinson*, 2017 WL 5505572 at *2. *Pro se* litigants are entitled to "notice of the deficiencies in the complaint" and if those deficiencies can be cured, an opportunity to amend. *Hutchinson*, 2017 WL 5505572 at *2 (citing *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988)). However, "while the Court must leniently construe *pro se* pleadings, Plaintiff[s] must still meet the federal pleading standards and cannot bring claims that are frivolous or facially barred." *Hutchinson*, 2017 WL 5505572 at *2.

## DISCUSSION

Here, plaintiff seeks to proceed IFP. The Court has a duty to determine if the plaintiff is unable to pay the fees and to screen IFP claims under the 12(b)(6) standard and dismiss if the plaintiff has failed to meet pleading standards and the pleading deficiencies cannot be remedied by amendment. 28 U.S.C. § 1915(a)(1); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Lopez*, 203 F.3d at 1126. In this case, I find that the application demonstrates an actual inability to pay the required court filing fees, and I grant the application (doc. 2). However, the complaint fails to state a

claim upon which relief can be granted and thus grant defendant's Motion to Dismiss (doc. 10).

I.   *Sovereign Immunity*

Defendants move to dismiss plaintiff's claims against all defendants because both the university and its employees working in their official capacities are protected from suit by sovereign immunity. Defendants are correct that public universities are entitled to sovereign immunity. *Rounds v. Or. State Bd. Of Higher Educ.*, 166 F.3d 1032, 1035 (9th Cir. 1999) (the University of Oregon is an "arm of the State of Oregon for Eleventh Amendment immunity purposes."). Defendants are also correct that employees acting within their official capacities are shielded from suit. *Committe II*, 2016 WL 4374945 at *4. Unless Congress has explicitly abrogated sovereign immunity or the State consents to suit, federal courts do not have jurisdiction. *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 71 (1989). However, public officials acting in their individual capacity are not immune from suit. *Hopkins v. Clemson Agr. College of S.C.*, 221 U.S. 636, 644-45 (1911). In fact, previous litigation between these parties came to the same conclusion. *Committe II*, 2016 WL 4374945 at *2.

Plaintiff asserts his claims against individual defendants in their official capacities. Plaintiff names individual defendants in their official capacities and introduces each with their position and official address at OSU, and he never asserts allegations against them in their individual capacities. All claims against OSU and OSU employees in their official capacities are barred by sovereign immunity.

II.  *Failure to State Claims Upon Which Relief Can Be Granted.*

   A.   *Age Discrimination and Retaliation Claims*

Plaintiff's first and second claims allege that defendants violated Oregon's Anti-Discrimination Law by (1) hiring an applicant younger than the plaintiff in violation of

prohibition against age discrimination (Or. Rev. Stat. § 659A.030(1)(a)); and (2) deciding not to hire the plaintiff as retaliation for his previous lawsuits (Or. Rev. Stat. § 659A.030(1)(f)).

Plaintiff alleges that he was more qualified, or at least equally well qualified, for the position he sought than the candidate chosen by OSU. The defining difference in plaintiff's eyes is that the selected candidate is "approximately 30 years younger" than the plaintiff. However, the complaint provides no information about OSU's preferred qualifications for the position, the plaintiff's qualifications, or any that defendants considered age at all when hiring a new faculty member. Plaintiff has not asserted adequate facts to support his allegation of age discrimination.

Additionally, plaintiff alleges that OSU's failure to hire him was retaliation solely, or in part, because he had previously filed other lawsuits against OSU. Plaintiff alleges that defendant's combined callous indifference, intentional retaliation, and inadequate training violated Oregon law. However, the complaint does not provide concrete facts linking the defendants' actions to the prior lawsuits or any indication that they made a decision based on previous litigation. Therefore, plaintiff's age discrimination and retaliation claims are DISMISSED.

B.  *Denial of Academic Freedom Claim*

Plaintiff alleges that by failing to hire him, defendants violated his right to academic freedom and free speech. This claim fails to allege facts indicating how plaintiff's free speech was stifled, except that he was not hired as OSU faculty. This is simply not sufficient. Plaintiff's free speech and academic freedom claims are dismissed with leave to amend with sufficient factual development.

C.  *Failure to Train Claim*

Plaintiff alleges that the named and unnamed defendants' failed to properly train OSU

staff about proper hiring protocol. Plaintiff does not allege specific facts to establish that a duty existed to provide particular training or that this duty was violated. This claim is dismissed with leave to amend.

D. *Equal Protection Claim*

Plaintiff alleges that defendants violated his right to equal protection of the laws by discriminating against him based on his age. Plaintiff rests this allegation on 28 U.S.C. § 1983. However, the U.S. Court of Appeals for the Ninth Circuit has held that § 1983 age discrimination claims are preempted by the Age Discrimination in Employment Act ("ADEA") that provides a comprehensive scheme for redress. *Ahlmeyer v. Nevada Sys. Of Higher Educ.*, 555 F.3d 1051, 1060 (9th Cir. 2009). Plaintiff has made similar allegations against OSU and other public institutions, and they have been rejected. *Committe II*, 2016 WL 4374945 at *3 ("Committe's § 1983 Equal Protection claim is DISMISSED with prejudice, as it is preempted."); *Committe v. Zhu*, 2017 BL 272004 (D.N. Ohio Aug. 3, 2017) ("The plaintiff has already been apprised — by an opinion and order issued by another district court dismissing a prior, similar age discrimination claim he asserted under § 1983 — that age discrimination claims asserted under § 1983 are not cognizable."), *mot. for recons. denied*, 2017 BL 486240 (N.D. Ohio Aug. 17, 2017). The law has not changed, and because this claim is preempted, it is DISMISSED with prejudice.

III. *Opportunity to Amend*

Courts should give IFP litigants the opportunity to amend a deficient complaint if the deficiencies can be cured. *Lopez*, 203 F.3d at 1130 (The "longstanding rule that leave to amend should be granted 'if it is at all possible that the plaintiff can correct the defect'" is particularly important for *pro se litigants*.) (citing *Balistreri v. Pacifica Police Dep't.*, 907 F.2d 696, 701 (9th Cir. 1997)).

Page 7 – OPINION AND ORDER

Here, all of plaintiff's claims suffer from a lack of factual development. Plaintiff does not allege sufficient facts to explain the circumstances of his recent application process or the OSU's employees' behavior that demonstrate discrimination or retaliation. Plaintiff's allegations are only "mere recitation of the elements" and do not provide "more than the sheer possibility that the defendants acted unlawfully." *Iqbal*, 556 U.S. at 678. Despite his background as a former attorney, in this case, plaintiff is *pro se*, and is entitled to an opportunity to amend because it is possible that amendments could cure the current problems with the complaint.

IV. *Pre-Filing Order*

Defendants also request that the Court issue a pre-filing order against plaintiff. Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), district courts can regulate the legal actions of vexatious litigants by restricting their ability to file suit without leave of the court. *De Long v. Hennessey*, 912 F.2d 1140, 1147 (9th Cir. 1990); *Ringgold-Lockhard v. County of L.A.*, 761 F.3d 405, 1061 (9th Cir. 2014). However, a pre-filing order imposes "a serious burden" on a potential litigant. *Ringgold-Lockhard*, 761 F.3d at 1062. This is a remedy of last resort and "use of such measures should be approached with particular caution." *De Long*, 912 F.3d at 1147.

Before issuing a pre-filing order, the court must meet two procedural requirements: it must give a litigant adequate notice, including the opportunity to oppose a writ, and it must build an adequate record for review. *De Long*, 912 F.2d at 1145. Additionally, the court must meet substantive requirements to make a finding of frivolousness which requires that an "inordinate number" of lawsuits have been filed and that the plaintiff's claims are "patently without merit." *Ringgold-Lockhart*, 761 F.3d at 1064 (quoting *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1050 (9th Cir. 2007)); *De Long*, 912 F.3d at 1148 ("[a] court must look at the number and content of filings as indicia of frivolousness.") (internal quotations omitted).

Other federal courts have held that 50 lawsuits (*In re Oliver*, 682 F.2d 443, 444 (3d Cir.1982)), 400 lawsuits (*Molski*, 500 F.3d at 1060), and 500-600 lawsuits (*In re Green*, 669 F.2d 779, 781 (D.C.Cir.1981)) constitute an inordinate number. Indeed, this Court previously issued a pre-filing order when a single plaintiff had filed over 40 suits in the Federal District of Oregon and the Western District of Washington. *Bobo*, 2014 WL 6085858 at *2.

In this case, however, plaintiff's three lawsuits against OSU in the District of Oregon do not constitute an "inordinate amount."[1] *Ringgold-Lockhart*, 761 F.3d at 1064. Even if a numerical threshold was reached in this case, plaintiff's claims are not "patently meritless" enough to justify a pre-filing order. *Ringgold-Lockhart*, 761 F.3d at 1064. Given the opportunity to amend, plaintiff may allege meritorious discrimination claims against defendants in their individual capacities and should not be pre-emptively barred from future filings. Pre-filing orders are a rare exception to the rule of open access to the courts, and, though such an order as to this plaintiff may well be appropriate in future, I decline to apply the exception in the present case.

## CONCLUSION

Plaintiff's Application to Proceed IFP (doc. 2) is GRANTED. Defendants' Motion to Dismiss (doc. 10) is GRANTED.[2] Plaintiff's equal protection claim is DISMISSED with prejudice. Plaintiff shall have thirty (30) days from the date of this Order in which to file an amended complaint consistent with the holdings in this opinion. Defendants' Motion to Set Date (doc. 4) is GRANTED. Plaintiffs' Motion (doc. 9) is DENIED at this time. Plaintiff is granted leave to make similar motions in the future, following the Court's review of his amended

---

[1] The Court is aware that plaintiff has filed similar suits against other institutions in other federal districts; however, the litigation history of plaintiff in Oregon is not sufficient justify a pre-filing order in this district.

complaint. The Motion to Conference in Good Faith (doc. 12) is DENIED. The Motion for Order to Show Cause (doc.16) is DENIED as moot. Plaintiff is advised that failure to file an amended complaint within the allotted time will result dismissal of all counts with prejudice.

IT IS SO ORDERED.

Dated this 26th day of September, 2018.

Ann Aiken
United States District Judge